(91 Misc. Rep. 627)

KEEFE v. STRAUS et al.

(Supreme Court, Special Term, New York County. September, 1915.)

1. PLEADING ⊜216—DEMURRER—CONSIDERATION OF PROOF REQUIRED.
In passing on a demurrer to the complaint in an action for wrongful death, the court will not consider the fact that plaintiff will have difficulty in producing evidence sufficient to establish the proximate cause of death.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 535–539; Dec. Dig. ⊜216.]

2. MASTER AND SERVANT ⊜258—DEATH OF EMPLOYÉ—ACTIONABLE NEGLIGENCE.
A complaint alleging that an employé became sick while on duty and was refused permission to obtain her wearing apparel from the locker so that she might go home for immediate medical attention, and was forced to remain in the store, and subsequently died in consequence thereof, and of her employer's failure to take any care or precaution to protect her from the elements, or to assist her home when she was finally permitted to leave the store, states a cause of action against the employer.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 816–836; Dec. Dig. ⊜258.]

3. DEATH ⊜14—NEGLIGENCE—DETERMINATION OF LIABILITY.
The question of the right to recover for wrongful death is one of negligence, governed by the same considerations as govern questions of negligence where the results are less serious.
[Ed. Note.—For other cases, see Death, Cent. Dig. § 16; Dec. Dig. ⊜14.]

4. NEGLIGENCE ⊜1—DEFINITION.
"Negligence" is the failure to observe for the protection of the interest of another person that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury.
[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 1; Dec. Dig. ⊜1.
For other definitions, see Words and Phrases, First and Second Series, Negligence.]

Action by Hannah Keefe, as administratrix, against Nathan Straus and others, wherein defendant demurred to the complaint, and plaintiff moved for judgment. Motion for judgment granted, with leave to withdraw demurrer and answer on condition.

Thomas F. Keogh, of New York City, for plaintiff.
Wise & Seligsberg, of New York City, for defendants.

SHEARN, J. Summarized, the complaint alleges the following facts: On December 20, 1912, a cold winter day, Louisa Keefe, a

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

saleswoman employed by the defendants in the veil department on the ground floor of defendants' department store, at a counter situated between two doors, about 4 o'clock in the afternoon and while attending to her duties at the veil counter, was seized with a chill and commenced to vomit. She thereupon expressed to defendants a desire to go home for immediate medical treatment, and asked for a pass to get her hat and coat and other apparel. Pursuant to a rule in force, her hat, coat, and other apparel were placed in a locker upon her reporting for duty, and she could not get her hat, coat, and other apparel from the locker unless the defendants gave her a pass. At the time she requested the pass she was shaking with a chill and vomiting, but nevertheless the defendants refused to allow her to get her hat and coat to go home, and forced her to remain in said condition at their store for over two hours, on the ground that no passes could be given (before closing time for the store) until after the holidays. When the defendants finally allowed her to go home, she got her hat, coat, and other apparel, and, while still suffering from the severe chill, she went out into the cold weather and as well as she could made her way home to Brooklyn, five miles away. On arriving home, she took to bed, but her condition became worse, so that, despite medical aid and treatment, she died on December 26, 1912. Her death was caused solely, it is alleged, by the act of the defendants in forcing her to remain in their store for over two hours after she was seized with the chill, and by their failure to take any care or precaution to protect her from the elements or to assist her home after she left the store. The defendants demur, claiming that upon these conceded facts there is no cause of action.

[1] It is urged that the defendants' acts were not the proximate cause of Louisa Keefe's death, as she was seized with the chill that caused her death from pneumonia before the pass was refused. It is obvious that the plaintiff will be confronted with a serious obstacle upon the trial in establishing the proximate cause of death; but this is a matter of evidence, and should not be determined against the plaintiff upon a demurrer, which admits that the death was caused solely by the acts of the defendants.

[2-4] A more serious question arises as to whether the act of the defendants in refusing to permit the sick woman to obtain her wearing apparel from the locker, so that she might go home, was a wrongful act in a legal sense, and such as to create under the circumstances a cause of action. The general rule governing actions brought to recover for death caused by wrongful act is stated as follows in 13 Cyc. 318:

"In most cases the question of the right to recover for the death of a person by wrongful act is merely a question of negligence, and is to be governed by the same principles and considerations as questions of negligence where the results are less serious."

The best definition of negligence is that given by Judge Cooley in his work on Torts:

"The failure to observe, for the protection of the interest of another person, that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury."

Unquestionably the defendants owed a duty to observe some degree of care for their employé while she was engaged in the performance of her duties to them. What precaution did these admitted circumstances justly demand of the defendants? If the deceased had been working on a machine, and had cut off her arm in the presence of the defendants, and they had stood by and allowed her to bleed to death, no one would question their liability. Here there was more than a mere omission. The deceased was shaking with the chill and vomiting when she asked the defendants for the pass to get her apparel so that she might obtain immediate medical attention. Her illness and distress were obvious. Yet the defendants, it is alleged, and for the purposes of the demurrer it must be deemed to be true, however incredible, actually interfered with her leaving and obtaining medical attention, as a result of which she was detained in the store in this condition for over two hours.

The suggestions in the brief for the defendants that the deceased might have gone home without her hat and coat and other wearing apparel, that was kept by them under lock and key, or that she might have borrowed a coat, or might have bought a coat in the store, do not appeal to the court, and will hardly be repeated to the jury. The deceased was, in effect, refused permission to leave, and the demurrer admits that by defendants' refusal to give the deceased a pass she was forced to remain. That this was not only an omission of that degree of care which the circumstances justly demanded, but amounted to a positive wrongful act, is, in my opinion, beyond question. A very different situation may be disclosed upon the trial, but to hold that upon these conceded facts there is no cause of action would be a reproach to justice.

The motion for judgment is granted, with $10 costs, with leave to withdraw the demurrer and answer within 10 days on payment of said costs.

Ordered accordingly.